Image ID:
D00783928D01

**SUMMONS**

Doc. No.  783928

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183

Alyssa L Mancinelli v. Hillcrest Millard, LLC

Case ID: CI 22      1729

TO:  Hillcrest Millard, LLC

**FILED BY**

Clerk of the Douglas District Court
03/09/2022

You have been sued by the following plaintiff(s):

Alyssa L Mancinelli  Per. Rep.          Kruizenga,Claire,Ann, Estate of

Plaintiff's Attorney:    Heather V Anson
Address:                 3516 N 163rd Plaza, Ste. 1
                         Omaha, NE 68116

Telephone:               (531) 999-1857

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.

Date:  MARCH  9, 2022         BY THE COURT:   John M. Friend
                                              Clerk



Page 1 of 2

Image ID:
D00783928D01

| | SUMMONS | |

Doc. No.   783928

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

      Hillcrest Millard, LLC
      C/O Gary Gotsdiner - Reg. Agent.
      11404 West Dodge Rd, Suite 500
      Omaha, NE 68154

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI220001729
Transaction ID: 0018077068
Filing Date: 03/09/2022 04:07:47 PM CST

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| ALYSSA LEA MANCINELLI, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF CLAIRE ANN KRUIZENGA,<br>Plaintiff,<br>v.<br><br>HILLCREST MILLARD, LLC, a Nebraska limited liability company,<br>Defendant. | Case No. CI 22-_____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Alyssa Lea Mancinelli, as the Personal Representative of the Estate of Claire Ann Kruizenga ("Plaintiff"), states and alleges the following as her claims for relief against HILLCREST MILLARD, LLC, a Nebraska limited liability company ("Defendant")"

## PARTIES

1. Claire Ann Kruizenga ("Ms. Kruizenga") tragically passed away on May 22, 2020 in Douglas County, Nebraska. On or about February 17, 2022, Alyssa Lea Mancinelli was appointed as Personal Representative of the Estate of Claire Ann Kruizenga.

2. Hillcrest Millard, LLC ("Hillcrest") is a Nebraska limited liability company with its principal place of business in Bellevue, Sarpy County, Nebraska. Hillcrest operates a skilled nursing facility located at 13225 Westwood Lane, Omaha, Douglas County, Nebraska (the "Facility").

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to Neb. Rev. Stat. §§ 24–302 and 25–536.

4. Venue is proper under Neb. Rev. Stat. § 25–403.01.

1

## FACTUAL BACKGROUND
### *Timeline of COVID-19 in Douglas County*

5.      On or about January 21, 2020, the first case of coronavirus ("Coronavirus" or, interchangeably, "COVID-19") was confirmed in the United States.

6.      On February 3, 2020, the United States declared a public emergency due to the Coronavirus outbreak.

7.      COVID-19 was detected in Douglas County, Nebraska in early March 2020.

8.      On March 13, 2020, President Donald Trump declared the spread of Coronavirus a national emergency.

9.      On March 13, 2020, Nebraska Governor Pete Ricketts issued an emergency declaration for the spread of COVID-19.

10.      On or about March 18, 2020, Omaha Mayor Jean Stothert issued a state of emergency for the City of Omaha for the spread of COVID-19.

11.      On or about March 31, 2020, the Nebraska Department of Health and Human Services ("Nebraska DHHS") issued COVID-19 guidance for Long-Term Care Facilities.

12.      The spread of COVID-19 accelerated in Douglas County, Nebraska from March to early May 2020.

13.      On May 1, 2020, the United States had a seven-day average of 28,553 new cases of Coronavirus each day.  Nebraska had a seven-day average of 366 new cases of Coronavirus each day on the same day.

14.      In late April and early May 2020, Nebraska DHHS was reporting an average of about one death per day in the state of Nebraska, including deaths in Douglas County, Nebraska.

### *Timeline of Claire Ann Kruizenga's Illness*

15.      Claire Ann Kruizenga ("Ms. Kruizenga") was born on February 27, 1940 and turned eighty (80) years old in early 2020.

16.      In March 2020, Ms. Kruizenga was hospitalized for six days for back pain and delirium at Lakeside Hospital ("Lakeside").

17.      Lakeside treated Ms. Kruizenga's condition from March 25, 2020 until March 31, 2020, when Lakeside discharged Ms. Kruizenga to the care of Hillcrest at the Facility.

2

18.     Ms. Kruizenga went to the Facility for post-surgery back rehabilitation.  At the time of her arrival at the Facility, Ms. Kruizenga was a healthy 80-year-old woman whose only complaint was back pain.

19.     Ms. Kruizenga was a resident at the Facility from approximately March 31, 2020 until May 12, 2020 for her post-surgery back rehab.

20.     During Ms. Kruizenga's residency at the Facility, Hillcrest employees and staff did not use personal protective equipment ("PPE"), gloves or N-95 masks, as recommended by state and federal health officials.

21.     Hillcrest did not take any significant steps to test residents or staff during Ms. Kruizenga's residency at Hillcrest.

22.     Beginning in at least April 2020, residents at the Facility developed respiratory illnesses with symptoms consistent with those of COVID-19.  Upon information and belief, residents and staff at the Facility contracted COVID-19.

23.     Despite Ms. Kruizenga and Ms. Kruizenga's family's expression of concerns to Hillcrest and Facility staff, ill residents were not isolated.

24.     In or about April 2020, Ms. Kruizenga's daughters inquired of Hillcrest whether it could properly care for residents with COVID-19.

25.     In late April and early May 2020, Ms. Kruizenga began showing symptoms of respiratory illness.

26.     Ms. Kruizenga and her family repeatedly reported to Hillcrest staff that Ms. Kruizenga was having difficulty breathing and insisted she be tested for COVID-19.  In fact, Ms. Kruizenga would often call her daughters very ill, indicating that she could not breath and begging for help.

27.     Hillcrest staff insisted that Ms. Kruizenga did not have COVID-19 and would not test her for the same.

28.     Ms. Kruizenga's health continued to decline and instead of seeking proper medical care for Ms. Kruizenga, Hillcrest staff inquired of Ms. Kruizenga's family whether they would like her sent to hospice care.

29.     On or about May 11, 2020, Ms. Kruizenga was finally tested for COVID-19 at Hillcrest without the same being reported to her family.  This test returned a positive result for COVID-19 on or about May 13, 2020.

30.     Just prior to receiving the test results, on May 12, 2020, Ms. Kruizenga's breathing worsened, and emergency medical services transported Ms. Kruizenga to Lakeside in Omaha, Nebraska.

3

31.     At the time of her arrival at Lakeside, Ms. Kruizenga was diagnosed with respiratory illness, pneumonia, sepsis, septic shock, low blood pressure, low blood oxygen saturation, Acute Respiratory Distress Syndrome (ARDS) and dehydration and needed assistance from a machine to breathe.

32.     Despite hospitalization, Ms. Kruizenga's illness and ability to breathe further deteriorated.

33.     During her period of hospitalization, Ms. Kruizenga's pneumonia stemming from her infection from COVID-19 worsened.

34.     On or about May 14, 2020, Ms. Kruizenga was sedated, intubated and placed on a ventilator to assist her in breathing.

35.     On or about May 15, 2020, Ms. Kruizenga's doctors worried that Ms. Kruizenga was at risk of sudden deterioration and organ failure.

36.     Ms. Kruizenga's intubation and sedation continued for several days without significant improvement.

37.     On or about May 21, 2020, Ms. Kruizenga was unable to respond to stimulations and tests from her attending physician.

38.     On or about May 21, 2020, Ms. Kruizenga's family made the decision to transition Kruizenga to comfort care.

39.     Ms. Kruizenga passed away on May 22, 2020 from complications from COVID-19 pneumonia.

## CLAIM FOR RELIEF:
## NEGLIGENCE

40.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

41.     Ms. Kruizenga was a resident at the Facility between March 31, 2020 and May 12, 2020.

42.     As a resident of the Facility, Hillcrest owed Ms. Kruizenga a duty of care.

43.     Specifically, Hillcrest owed duties to Ms. Kruizenga that include, but are not limited to:

    a.  A duty to keep the Facility sanitary and residents safe from disease;

    b.  A duty to supervise employees and their care;

    c.  A duty to access medical conditions;

  d. A duty to access medical conditions of other residents, employees, staff, and visitors of the Facility and how the same may impact other residents;

  e. A duty to isolate and quarantine persons with symptoms of COVID-19, including residents, employees and staff;

  f. A duty to treat or diagnosis disease within the Facility in a timely manner;

  g. A duty to provide quality care;

  h. A duty to communicate changes health status, including symptoms of illness, deterioration of health and the need for emergency medical attention;

  i. A duty to take reasonable precautions to prevent infection at Hillcrest Millard;

  j. A duty to warn residents of possible infection of COVID-19;

  k. A duty to provide basic needs, including nutrition, prevent dehydration, provide proper hygiene, and medical care; and

  l. A duty to transfer residents to receive proper medical care.

  44. Hillcrest, in breach of its duties, failed to take actions at the Facility to protect Ms. Kruizenga including, but not limited to:

  a. Implement Nebraska DHHS recommendations for stopping the spread of COVID-19, including flexible work schedules for employees who are sick, wearing PPE, cleaning & sanitizing the Facility and isolating residents with COVID-19 symptoms;

  b. Implement Nebraska DHHS regulations to provide a sanitary environment and to avoid sources and transmission of infections and communicable diseases;

  c. Implement recommendations from the United States Centers for Disease Control and Prevention ("CDC") to prevent the spread of COVD-19;

  d. Provide employee or staff training and education to prevent the spread of COVID-19;

  e. Adequately staff Hillcrest Millard to meet the needs of residents;

f.  Implement and require the use of PPE for all residents, employees, staff and visitors of the Facility, including masks, gloves, face shields, sanitary wipes, and/or use of hand sanitizer;

g.  Maintain a safe and sanitary environment at the Facility;

h.  Screen and monitor residents, employees, staff and/or visitors for symptoms of COVID-19;

i.  Prevent the spread of COVID-19 into the Facility;

j.  Control and isolate the spread of COVID-19 in the Facility;

k.  Refuse Facility access to employees, staff or visitors with symptoms of COVID-19;

l.  Properly supervise employees and staff's implementation of precautionary measures to stop the spread of COVD-19;

m.  Warn non-infected residents and their representatives of the presence and/or possible infection of COVD-19 at the Facility;

n.  Implement a testing program for residents, employees, staff or visitors of the Facility;

o.  Test and identify residents, employees and staff with positive cases of COVID-19;

p.  Investigate and treat residents' complaints of shortness or breath or trouble breathing;

q.  Isolate and quarantine residents, employees or staff with suspected or confirmed cases of COVID-19;

r.  Report positive cases of COVID-19 to proper local, state, or federal agencies;

s.  Provide adequate medical care;

t.  Provide a safe environment; and

u.  Protect Ms. Kruizenga's health and well-being.

45.  But for Hillcrest's breach of duties, Ms. Kruizenga would not have been hospitalized at Lakeside on May 12, 2020.

46.  But for Hillcrest's breach of duty or duties, Ms. Kruizenga would not have contracted COVID-19.

47.  But for Hillcrest's breach of duty or duties, Ms. Kruizenga would not have died.

48.  Plaintiff has been harmed as a result of Defendants' breach of duty or duties.

49.     Plaintiff has been damaged by Hillcrest's actions in an amount to be proven at trial.

WHEREFORE, Plaintiff, Alyssa Lea Mancinelli, as Personal Representative of the Estate of Claire Ann Kruizenga, respectfully requests that this Court enter an Order in Plaintiff's favor and against the Defendant in an amount to be proven at trial, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs in this action and for such other, further and different relief as this Court deems just and equitable.

## SECOND CLAIM FOR RELIEF:
## WRONGFUL DEATH

50.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

51.     Ms. Kruizenga was a resident at the Facility.

52.     Defendant owed various duties to Ms. Kruizenga.

53.     Defendant breached its duties to Ms. Kruizenga.

54.     As a result of Defendants' breach of duties, Ms. Kruizenga died on May 22, 2020.

55.     Ms. Kruizenga would not have died on May 22, 2020 but for the actions of Hillcrest.

WHEREFORE, Plaintiff, Alyssa Lea Mancinelli, as Personal Representative of the Estate of Claire Ann Kruizenga, respectfully requests that this Court enter an Order in Plaintiff's favor and against the Defendant in an amount to be proven at trial, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs in this action and for such other, further and different relief as this Court deems just and equitable.

Dated this 9th day of March, 2022.

Alyssa Lea Mancinelli, as Personal
Representative of the Estate of Claire
Ann Kruizenga, Plaintiff,

By: **s/ Heather Voegele Anson**
     Heather Voegele Anson, #22730
     Andreanna Christine Smith #27011
     Voegele Anson Law, LLC

7

3516 N. 163rd Plaza, Ste. 1
Omaha, NE 68116
(531) 999-1857
hvoegele@v-alaw.com
asmith@v-alaw.com

*Attorneys for Plaintiff.*

8